Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania, Allegheny General Hospital and Employers Mutual Insurance Company of Wausau *v.* Mary Rita Gaidis, Appellant.

Argued May 6, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Edward B. Friedman,* with him *Arnold M. Friedman,* and *Friedman & Friedman,* for appellant.

*Carl B. Fried,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, June 18, 1976:

Appellant-claimant suffered a compensable injury on January 10, 1972, when she struck her head on what she described as the sharp edge of a cabinet door. She was not rendered unconscious and did not cut her head, but a lump was raised. She reported the injury, had x-rays, and went home. She had a headache and took some pills. She was off work approximately three weeks until February 1, 1972. She testified she returned on February 1 to see if she could return to work. She received a slip from the examining physician to return to work and was told by the head of her department that she would be terminated if she missed any more time. She worked until Wednesday of the next week and then took off Thursday and Friday because of pain. She was then informed by her supervisor that she was being terminated for absenteeism. She had not worked from that time until the time of her first hearing on October 19, 1972.

Although the matter of her dismissal is not at issue and does not affect the disposition of this case other than as the disability before the accident was the same as after the accident, appellant-claimant has excepted to the finding that she was dismissed for absenteeism prior to January 10, 1972, the date of her injury. The head of her department testified that appellant-claimant was in her probationary period and was terminated for excessive absenteeism. Although the record is not entirely clear, taken in the light most favorable to appellant-claimant, she seems to have been absent 26 days during the probationary period. 25 of these days' absence were due to illness, 12 of which occurred before the accident. The supervisor testified that those 12 days prior to the accident were excessive. This is the support in the testimony for the finding.

Appellant-claimant filed her claim petition on May 12, 1972. Hearings were held October 19, 1972, February 14, 1973, and November 18, 1974, and depositions were taken. Appellee-employer requested an opportunity to file a brief and did so on December 31, 1974, with a copy to appellant-claimant which seems to have arrived on January 2, 1975. On January 27, 1975, the referee filed his decision without waiting further for appellant-claimant's reply brief. By letter dated December 13, 1974, appellant-claimant had requested a reasonable amount of time to file a reply brief. Especially since appellant-claimant was the moving party and should have been prepared to file a brief first, we cannot say that 25 days was not a reasonable time within which to file a reply brief. When reply briefs are permitted by this Court, the time is frequently, if not usually, restricted to not more than 10 days.

The referee found that appellant-claimant's disability caused by the accident terminated on February

1, 1972, the date she received her medical slip to return to work. On appeal, the Workmen's Compensation Appeal Board affirmed the referee. This appeal followed. We must affirm.

The remaining question raised and the only one of substance is whether the referee capriciously disregarded competent medical evidence in deciding that any disability following February 1, 1972, was not caused by nor related to her accident of January 10, 1972. After a careful review of the medical testimony, we must affirm the decision of the Workmen's Compensation Appeal Board that this case contains a direct conflict in the testimony with competent medical testimony going both ways. Under *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), the referee must be affirmed.

Without unduly extending this opinion, it seems appropriate to point out that appellant-claimant contradicted herself in her testimony on many vital points. For example, the fundamental basis for her claim of disability was that subsequent to the injury, she suffered severe headaches. When asked if she suffered headaches before the injury, she said she had had only four migraine or change-of-life headaches. Again, she said that she had "slight headaches" before January 10, 1972, but only slight headaches. She then admitted being hospitalized "about five days" in 1971 for headaches. Further, appellee-employer called a physician who testified that he had treated appellant-claimant for headaches in 1970 which were occurring every second or third day.

Accordingly, we enter the following

### ORDER

Now, June 18, 1976, the order of the Workmen's Compensation Appeal Board, dated August 1, 1975,

and mailed to the parties on August 28, 1975, providing that Allegheny General Hospital, and/or its insurance carrier, pay compensation to the claimant for total disability at the rate of $64.80 per week, effective from January 17, 1972 and extending to February 1, 1972 when all compensation to the claimant shall cease and terminate, is affirmed.

Interest at the rate of 6% per annum is assessed on all deferred payments of compensation.

The defendant shall take credit for any payments of compensation paid to the claimant.

Judge KRAMER did not participate in the decision in this case.